IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DE-ERIC COOPER, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:22-CV-702-K-BK |
| § | |
| NATIONAL CREDIT SYSTEMS, INC., § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. For the reasons stated here, Plaintiff's *Complaint and Demand for Jury* Trial, Doc. 3, should be **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

In March 2022, Plaintiff filed this civil action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 *et seq.*, by publishing false information on his credit report. Doc. 3, *passim*. Thereafter, Plaintiff was responsible for (1) serving Defendant pursuant to Federal Rule of Civil Procedure 4 within 90 days and (2) registering as a user of the Court's electronic filing system pursuant to Northern District of Texas Local Civil Rule 5.1(f).

In December 2023, after Plaintiff failed to comply, the Court reminded Plaintiff of his obligations and *sua sponte* extended the deadline for compliance to January 3, 2024. Doc. 6; Doc. 7. The Court also warned Plaintiff once again that his failure to do so might result in the dismissal of his case. Doc. 6; Doc. 7. Once again, Plaintiff failed to comply.

Nevertheless, the Court *sua sponte* extended until January 16, 2024, the deadlines to effectuate service of process on Defendant and register for electronic filing. Doc. 8. As previously, the Court stressed that, "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)." Doc. 8 (emphasis in original). As of the date of this recommendation, however, Plaintiff has failed to comply with either directive.

## II. APPLICABLE LAW

Courts may dismiss a civil action *sua sponte* for failure to prosecute or failure to comply with the federal rules or any court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). However, where, as here, the statute of limitations has run on the party's claim, dismissal without prejudice operates as dismissal with prejudice. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981).

Even so, a Rule 41(b) dismissal with prejudice is appropriate upon a clear record of delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citation omitted). Generally, the Court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct, to warrant dismissal with prejudice. *Id.*

2

### III. ANALYSIS

Because the alleged FDCPA violation occurred in 2021, at the latest, the applicable limitations period has passed. *See* 15 U.S.C. § 1692k(d) (establishing a limitations period of one year from the date the violation occurred). Thus, a dismissal without prejudice will effectively be dismissal with prejudice since Plaintiff will be unable to timely re-assert his claim. *See Burden*, 644 F.2d at 505. That notwithstanding, dismissal under Rule 41(b) is warranted given Plaintiff's clear record of delay and contumacious conduct.

As outlined *supra*, Plaintiff was twice ordered to serve Defendant and register for electronic filing and twice warned that failure to do so may warrant dismissal of his case. Plaintiff alone bears the responsibility for his noncompliance with the Court's orders, as he is proceeding *pro se*. Because this case has been pending for almost two years, the actual prejudice caused to Defendant by further delay outweighs Plaintiff's interest in a decision on the merits. Lastly, Plaintiff's unexcused noncompliance with multiple court orders constitutes "intentional misconduct." At bottom, no lesser sanction would encourage Plaintiff to diligently prosecute his case in light of the Court's previous warnings.

### IV. CONCLUSION

For the reasons stated here, Plaintiff's *Complaint and Demand for Jury* Trial, Doc. 3, should be **DISMISSED WITHOUT PREJUDICE**, and this case should be **CLOSED**.

**SO RECOMMENDED** on January 22, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).